UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VALERIE J. PITTS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) CASE NO.: 1:12-cv-1001-DML-TWP |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security, | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

## Decision on Judicial Review

Plaintiff Valerie J. Pitts first applied in October 1999 for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, but she did not fully exhaust her rights to administrative review of an adverse decision issued by an ALJ on August 31, 2001. Mrs. Pitts's date last insured for purposes of the DIB program is December 31, 2004.

Mrs. Pitts reapplied for DIB on January 18, 2002, and the consideration of that application continues because of successive remands for new hearings. After denials of the January 2002 application at the initial and reconsideration stages, and an adverse decision issued July 22, 2005, by ALJ Manuel Carde following a hearing, Mrs. Pitts sought review by the Appeals Council. The Appeals Council granted review, vacated the ALJ's July 2005 decision, and remanded. ALJ Carde convened a second hearing on July 12, 2006, and he issued a decision denying Mrs. Pitts's claim on May 21, 2007. After the Appeals Council denied review, Mrs. Pitts

filed in this court a complaint for judicial review (Case No. 1:08-cv-1524-DFH-TAB), and she and the Commissioner stipulated to a remand for another hearing and a new decision, which the court granted.  On remand, the Appeals Council vacated ALJ Carde's May 2007 decision, assigned a new ALJ, and directed him to "consider all the treating, examining and non-examining source opinions, particularly those of Dr. Jia, Dr. McClurg and Dr. Ridgeway in determining the severity of the claimant's impairments and the claimant's maximum residual functional capacity. . . ." (R. 809).  The new ALJ, James Norris, held a hearing on October 1, 2010, and issued a decision denying Mrs. Pitts's claim on October 21, 2010.  When the Appeals Council denied review of that decision on June 13, 2012, Mrs. Pitts timely filed this action for judicial review of the Commissioner's final decision.  The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

## Mrs. Pitts's Assertions of Error

Mrs. Pitts contends that the Commissioner's decision must be remanded yet again because (a) the ALJ failed to mention and evaluate the testimony of a medical expert (Dr. Patsy Maikranz) who testified at Mrs. Pitts's first hearing in 2001 that, based on the medical evidence, Mrs. Pitts  is limited to sedentary work; (b) the ALJ did not include in his hypothetical to the vocational expert a limitation to unskilled work when that limitation appears to be suggested in the report of  state agency consulting psychologist Dr. Gover; and (c) the ALJ did not address the statement of

Mrs. Pitts's prior employer that she had frequently been absent from work and had been unable to work at a consistent pace "due to stated joint pain and discomfort."

## Analysis

Remand is required. The Commissioner's brief demonstrates that the ALJ's decision that Mrs. Pitts is capable of light work is fully supported by expert medical opinion, but she does not persuade the court that it may overlook the absence in the ALJ's decision of any consideration or evaluation of Dr. Maikranz's contrary opinion. Dr. Maikranz's medical opinion must be considered and evaluated, and, indeed, a different ALJ in 2001 accepted the opinion as "consistent with the record as a whole." Although ALJ Norris is not (and was not) required to reach the same conclusion, the court does not know why ALJ Norris rejected Dr. Maikranz's opinion in favor of other medical opinions in the record.

Given the long and winding administrative road for Mrs. Pitts, which included numerous administrative hearings, it is possible that while formulating his decision (and questioning the medical experts at the hearing he convened), ALJ Norris had not reviewed the transcript from the 2001 hearing, or the 2001 decision, and was unaware of Dr. Maikranz's opinion. As a medical source opinion that undermines the ALJ's conclusions, it must be addressed and evaluated by the ALJ. *See* 20 C.F.R. § 404.1527(b), (c) (requiring an ALJ to consider and evaluate every medical opinion in the case record, defined as a statement from an acceptable medical source that reflects the physician's judgment about the nature and severity of a claimant's impairments, her symptoms, diagnosis, and prognosis, and what the

claimant can do despite her impairments and physical and mental restrictions); *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012) ("Although an ALJ need not mention every snippet of evidence in the record, the ALJ . . . may not ignore entire lines of contrary evidence").

The court cannot accept the Commissioner's post-hoc justifications why the ALJ rationally could decide that Dr. Maikranz's opinion is not entitled to any weight.  *See SEC v. Chenery Corp.,* 318 U.S. 80, 87-88 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.")  Perhaps when the ALJ evaluates Dr. Maikranz's opinion in light of the whole record—including his predecessor's view that Dr. Maikranz's opinion is fully supported by the medical evidence as a whole—his decision regarding Mrs. Pitts's functional capacity will be different.  Perhaps it will not be, but Mrs. Pitts is entitled to a fair and reasoned consideration and evaluation of Dr. Maikranz's opinion in light of the whole record and the other factors (such as the doctor's specialty and the nature and extent of the evidence that underlies an opinion) pertinent to the assignment of weight to medical opinion evidence.  *See* 20 C.F.R. 404.1527(c) (describing factors pertinent to evaluating the strength or weakness of medical opinion evidence).

Because remand is required on this ground alone, the court directs the ALJ on remand to address the two other issues raised by Mrs. Pitts.  He must include an evaluation of the supervisor's statement that Mrs. Pitts was absent from her work as a nurse and did not work at a consistent pace due to "stated joint pain and

discomfort." He must address Dr. Gover's reference to whether "this person [can] attend to a simple, repetitive task continuously for a two hour period," and explain whether and why he chose not to limit Mrs. Pitts to unskilled work as part of the RFC in light of this evidence.

## Conclusion

For the foregoing reasons, the Commissioner's decision is REVERSED and REMANDED.

So ORDERED.

Date: 09/27/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system